IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>INDEX SPORTSMEN, INC., )<br>(aka, Index Sportsmen Club) )<br>)<br>Defendant. )<br>_____ ) | Civ. No. 12-1949<br><br>**COMPLAINT** |

The United States of America, by the authority of the Attorney General of the United States and acting at the request of the United States Department of Agriculture Forest Service ("Forest Service"), files this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for recovery of the United States' costs incurred or to be incurred in connection with releases or threatened releases of hazardous substances at or in connection with the Index Shooting Range Site located in the Mt. Baker-Snoqualmie National Forest, near Index, Washington.

COMPLAINT – Page 1
(Civ. No. 12-1949)

Erika M. Zimmerman, Trial Attorney
U.S. Department of Justice, ENRD/EES
7600 Sand Point Way, NE, Seattle, WA
erika.zimmerman@usdoj.gov; (206) 526-6608

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, and the Defendant, pursuant to 28 U.S.C. §§ 1331 and 1345 and Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613.

3. Venue is proper in this District under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the claims arose, and the threatened and actual releases of hazardous substances occurred, within this judicial district.

## DEFENDANT

4. The Index Sportsmen, Inc. (aka, Index Sportsmen Club) ("Defendant") is a Washington non-profit corporation.

5. Defendant operated a trap shooting range at the Index Shooting Range Site from approximately 1947 until the Site was abandoned in or around 2009.

6. Defendant was an "operator" of a "facility" within the meaning of Sections 101(9) and (20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(9) and (20) and 9607(a)(2).

7. Defendant is a "person," within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

8. In April 2011, Defendant filed for supervision by the Washington State Superior Court of its corporate dissolution pursuant to the Washington Nonprofit Corporation Act, Chapter 24.03 RCW (Case No. 11-2-04517-8). Defendant's assets, including proceeds from a sale of Defendant's property, approved by the state court, have been placed in the state court's registry. Defendant's filing listed the Forest Service as its only known creditor. On August 8, 2011, the United States filed a Notice of Claim against Defendant in the state court.

COMPLAINT – Page 2
(Civ. No. 12-1949)

Erika M. Zimmerman, Trial Attorney
U.S. Department of Justice, ENRD/EES
7600 Sand Point Way, NE, Seattle, WA
erika.zimmerman@usdoj.gov; (206) 526-6608

## STATUTORY FRAMEWORK

9. CERCLA provides that whenever any hazardous substance is released into the environment, or there is a substantial threat of such a release into the environment, the President is authorized to act, consistent with the National Contingency Plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance. 42 U.S.C. § 9604(a).

10. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides:

> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan. . . .

11. CERCLA, 42 U.S.C. § 9613(g)(2)(B), provides, in pertinent part, that:

> In any such action described in this subsection [an action for recovery of costs under Section 107 of CERCLA], the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover response costs or damages.

12. By Executive Order 12580 of January 23, 1987, the President's functions under 42 U.S.C. § 9606(a) have been delegated to the Administrator of the EPA.

## SITE DESCRIPTION AND BACKGROUND

13. The Index Shooting Range Site encompasses approximately 7.5 acres and is located in the Mt. Baker-Snoqualmie National Forest, approximately a half mile west of the town of Index, Washington, in the Northeast quarter of Section 19, Township 27 North, Range 10 East.

COMPLAINT – Page 3  
(Civ. No. 12-1949)

Erika M. Zimmerman, Trial Attorney  
U.S. Department of Justice, ENRD/EES  
7600 Sand Point Way, NE, Seattle, WA  
erika.zimmerman@usdoj.gov; (206) 526-6608

14. The Forest Service has incurred and will continue to incur response costs to address releases or threatened releases of hazardous substances, including lead and arsenic, at or from the Index Shooting Range Site.

15. The Forest Service has conducted investigations and sampling to characterize the extent of contamination at the Site.  In November, 2011, the Forest Service completed an Engineering Evaluation/Cost Analysis ("EE/CA") for the Site.  The EE/CA recommends a removal action for on-site capping of contaminated soils.

16. The Forest Service's costs of response action are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

## CLAIM FOR RELIEF
### (Liability for Response Costs pursuant to CERCLA)

17. The allegations of the foregoing paragraphs are incorporated herein by reference.

18. There have been releases and threatened releases within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances, including lead and arsenic, into the environment at or from the Index Shooting Range Site as a result of Defendant's operation of a shooting range at the Site.

19. Lead and arsenic are defined as "hazardous substances" pursuant to Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

20. The Index Shooting Range Site is a "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21. The releases or threatened releases of hazardous substances at or from the Index Shooting Range Site have caused the United States to incur response costs as defined by Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(25) and 9607(a).

COMPLAINT – Page 4
(Civ. No. 12-1949)

Erika M. Zimmerman, Trial Attorney
U.S. Department of Justice, ENRD/EES
7600 Sand Point Way, NE, Seattle, WA
erika.zimmerman@usdoj.gov; (206) 526-6608

22. Pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), Defendant is liable to the United States for the response costs incurred by the United States in connection with the Index Shooting Range Site.

23. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), Defendant is liable for a "declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

A. Award the United States a judgment against Defendant for costs incurred by the United States in connection with releases and threatened releases of hazardous substances at or from the Index Shooting Range Site, plus interest;

B. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), enter against Defendant a "declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs."; and

C. Grant such other and further relief as this Court deems appropriate.


Date: November 5, 2012                     Respectfully submitted,


                                           IGNACIA S. MORENO
                                           Assistant Attorney General
                                           Environment & Natural Resources Division
                                           United States Department of Justice


                                            /s Erika M. Zimmerman
                                           ERIKA M. ZIMMERMAN
                                           Trial Attorney

Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
7600 Sand Point Way, NE, c/o NOAA, DARC
Seattle, Washington 98115
Telephone: (206) 526-6608
Facsimile: (206) 526-6665
erika.zimmerman@usdoj.gov

JENNY A. DURKAN
United States Attorney
Western District of Washington

 /s Brian C. Kipnis
BRIAN C. KIPNIS
Assistant United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1671
Telephone: (206) 553-7970
Fax: (206) 553-4073
E-mail: brian.kipnis@usdoj.gov

OF COUNSEL:

GARY M. FREMERMAN
Senior Counsel
U.S. Department of Agriculture
Office of the General Counsel
Natural Resources and Environment Division
Room 2340 South Building
1400 Independence Ave, S.W.
Washington, D.C. 20250

COMPLAINT – Page 6
(Civ. No. 12-1949)

Erika M. Zimmerman, Trial Attorney
U.S. Department of Justice, ENRD/EES
7600 Sand Point Way, NE, Seattle, WA
erika.zimmerman@usdoj.gov; (206) 526-6608